UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA,<br>CDCR# H-74821,<br><br>                              Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Secretary of CDCR; MARCUS POLLARD, Warden; N, CASTRO; D. LEWIS; J. GOMEZ; J. GARCIA; A. DeLaVEGA,<br><br>                              Defendants. | Case No.: 21-cv-1991-MMA (RBM)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>[Doc. No. 2]<br><br>**(2) DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Felipe Garcia, currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), and proceeding *pro se*, has filed this civil action pursuant to 42 U.S.C. § 1983. *See* Doc. No. 1 at 1. In addition, Plaintiff has filed a Motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). Doc. No. 2.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$402.[1] *See* 28 U.S.C. § 1914(a).  The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in increments or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a copy of his CDCR inmate trust account statement and prison certificate.  Doc. No. 3 at 1–4; 28 U.S.C. § 1915(a)(2); CivLR 3.2; *Andrews*, 398 F.3d at 1119.  This statement shows that Plaintiff has had an

---

[1] For civil cases filed before December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016).  The $50 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*.  This administrative fee increased to $52 for civil cases filed on or after December 1, 2020, but that portion still does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

average monthly deposits of $197.03 and average monthly balance of $201.62 at the time of filing. Doc. No. 3 at 1.

Based on this accounting, the Court **GRANTS** Plaintiff leave to proceed IFP and assesses an initial partial filing fee of $40.32 pursuant to 28 U.S.C. § 1915(b)(1). However, this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Bruce*, 577 U.S. at 86; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered"). The remaining balance of the $350 total fee owed in this case must be collected by the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or any subsequent agency having custody of Plaintiff, and forwarded to the Clerk of the Court pursuant to the installment payment provisions set out in 28 U.S.C. § 1915(b)(2).

### SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & 1915A

**A.     Standard of Review**

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and *sua sponte* dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th

1 | Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir.
2 | 2012)).
3 |  "The standard for determining whether a plaintiff has failed to state a claim upon
4 | which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of
5 | Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668
6 | F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th
7 | Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard
8 | applied in the context of failure to state a claim under Federal Rule of Civil Procedure
9 | 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter,
10 | accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,
11 | 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.
12 |  Detailed factual allegations are not required, but "[t]hreadbare recitals of the
13 | elements of a cause of action, supported by mere conclusory statements, do not suffice."
14 | *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for
15 | relief [is] . . . a context-specific task that requires the reviewing court to draw on its
16 | judicial experience and common sense." *Id.* The "mere possibility of misconduct" or
17 | "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting
18 | this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969
19 | (9th Cir. 2009).
20 | **B.**  **Plaintiff's Allegations**
21 |  On February 1, 2019, the California Court of Appeal denied Plaintiff's petition for
22 | writ of habeas corpus that challenged the method in which he was criminally sentenced in
23 | Kern County Superior Court. Doc. No. 1 at 6. However, this denial was without
24 | prejudice to Plaintiff refiling the petition in Kern County Superior Court as the Appellate
25 | Court found that there were "errors committed by the courts that sentenced Garcia on his
26 | in-prison offenses." Doc. No. 4 at 20.
27 |  Plaintiff alleges that on December 20, 2019, Kern County Superior Court "issued
28 | an order granting petition for writ of habeas corpus and order[ed] a resentencing." Doc.

1  No. 1 at 6.  Plaintiff was resentenced on January 30, 2020.  *See id.*  On February 24,
2  2020, Plaintiff informed prison officials of the resentencing and "changes to the credit
3  vested by the Court."  *Id.* at 6–7.  However, "no response was received."  *Id.* at 7.
4       Plaintiff filed grievances in March of 2020 notifying prison officials that despite
5  the resentencing, his earliest possible release date ("EPRD") of February 13, 2025 had
6  not been changed.  *See id.* at 7.  On June 24, 2020, Plaintiff was interviewed by
7  Defendant Nancy Castro regarding his administrative grievance and Defendant Garcia
8  was present during this interview.  On January 12, 2021, Defendant Garcia informed
9  Plaintiff that his EPRD had been changed to October 15, 2023.  *See id.*  However,
10 Plaintiff was later notified by Defendant Gomez-Godinez that his new EPRD was
11 changed to December 25, 2021.  *See id.* at 8.  The following day on October 28, 2021,
12 Plaintiff was notified that his EPRD was actually June 6, 2024.  *See id.*  Plaintiff asked
13 Defendant Gomez-Godinez why was his EPRD had "abruptly changed" but received no
14 response. *Id.*
15      Plaintiff seeks an "immediate release or speedier relief from illegal custody,"
16 compensatory, and punitive damages against each named Defendant.  *Id.* at 17–18.
17 **C.    42 U.S.C. § 1983**
18      "Section 1983 creates a private right of action against individuals who, acting
19 under color of state law, violate federal constitutional or statutory rights." *Devereaux v.*
20 *Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of
21 substantive rights, but merely provides a method for vindicating federal rights elsewhere
22 conferred."  *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks
23 and citations omitted).  "To establish § 1983 liability, a plaintiff must show both
24 (1) deprivation of a right secured by the Constitution and laws of the United States, and
25 (2) that the deprivation was committed by a person acting under color of state law." *Tsao*
26 *v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).
27      To the extent Plaintiff seeks damages based on allegations that he is being held in
28 "illegal custody," *see* Doc. No. 1 at 17, his suit may not proceed as a civil rights action.

There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment . . .") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under § 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81–82).[2]

In addition, the Court finds Plaintiff's Complaint fails to state any plausible claim for relief against either RJD's Warden Pollard or CDCR Secretary Allison. Because "vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993) (noting there is no respondeat superior liability under 42 U.S.C. § 1983). Supervisory officials like Allison and Pollard may only be held liable under § 1983 if the plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful

---

[2] The Court takes judicial notice that Plaintiff has filed a petition for writ of habeas corpus in the California Court of Appeals, Fourth Appellate District, Division 1 in November of 2021. *See In re Felipe Garcia*, No. D079740, (Cal.App.4th, Nov. 30, 2021). Plaintiff's petition attacking the "prior prison terms enhancements" was denied but the Court noted that Plaintiff "appears entitled to relief under Senate Bill No. 483 but not until it takes effect on January 1, 2022." *Id.* It is not clear whether Plaintiff is seeking the same relief in this Court that he was told he may be entitled to in 2022.

conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca,* 652 F.3d 1202, 1207 (9th Cir. 2011).  In other words, "a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.'" *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (citations omitted).

Plaintiff's Complaint "pleads no factual content that allows the court to draw the reasonable inference that [either Allison or Pollard] [are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Plaintiff's Complaint includes no specific factual allegations with respect to either Warden Pollard or Secretary Allison, and he does not describe what either of them either did, or failed to do, with respect to any of his claims of due process violations.  *Id.* at 679 ("Determining whether a complaint states a plausible claim for relief [is] … a context-specific task.").

As currently pleaded, nothing in Plaintiff's Complaint plausibly suggests Pollard or Allison "through [their] own individual actions, . . . violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim)

Therefore, Plaintiff's Fourteenth Amendment claims against both Warden Pollard and Secretary Allison must be dismissed *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2 )(B)(ii) and § 1915A(b)(1).  *See Watison* 668 F.3d at 1112.

In addition, "[p]risoners [do] have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Id.* at 1114 (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his

First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff does allege that he filed a number of inmate grievances. *See Watison*, 668 F.3d at 1114 (the filing of an administrative appeal is conduct protected by the First Amendment). Plaintiff claims that he was interviewed by Defendant Castro on June 24, 2020 and she purportedly refused to correct his EPRD date and told him "if you don't like it sue me, you seem to know how, you have sued our officers in the past." Doc. No. 1 at 13.

The timing of an allegedly adverse action "can properly be considered as circumstantial evidence of retaliatory intent." *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). Plaintiff alleges that he was resentenced on December 31, 2021 by the Kern County Superior Court which would have provided CDCR officials the basis for correcting his EPRD, *see* Doc. No. 1 at 13, but this ruling is months after he claims Defendant Castro refused to correct his EPRD. Therefore, Defendant Castro could not have taken an "adverse action" against Plaintiff when the Superior Court had yet to rule on the correct calculation of his EPRD.

Plaintiff also fails to allege that Defendants failed to "reasonably advance a legitimate correctional goal." *Id.* at 808 ("[Plaintiff] must show that there were no legitimate correctional purposes motivating the actions he complains of."). "A plaintiff successfully pleads this element by alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and capricious, or that they were 'unnecessary to the maintenance of order in the institution.'" *Watison*, 668 F.3d at 1114–15 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984)).

Therefore, Plaintiff's retaliation claims must be dismissed *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**D.     Leave to Amend**

While the Court has dismissed all of Plaintiff's claims, it must also grant Plaintiff

leave to amend them–if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)); *Cervantes*, 5 F.3d at 1277 (noting that a time-barred action may not ordinarily be dismissed at pleading without leave to amend unless "some fact, evident from the face of the complaint, support[s] the conclusion that the plaintiff could not prevail, as a matter of law, on the equitable tolling issue.").

Should Plaintiff's Amended Complaint fail to allege facts sufficient to establish the timeliness of his claims, however, he is hereby cautioned that the Court will dismiss the those claims without further leave amend. Plaintiff is also cautioned that while Rule 8 of the Federal Rules of Civil Procedure "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) and **DIRECTS** the Secretary of the CDCR, or their designee, to collect from Plaintiff's trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION. The Court **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

The Court **DISMISSES** Plaintiff's Complaint *sua sponte* for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of

this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's Amended Complaint, should he elect to file one, must be captioned as his "First Amended Complaint," contain S.D. Cal. Civil Case No. 21-cv-1991 MMA RBM in its caption, and comply both with Federal Rule of Civil Procedure 8 and with Southern District of California Civil Local Rule 8.2.a. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with CivLR 8.2.a's requirements.

**IT IS SO ORDERED**.

Dated: February 3, 2022

HON. MICHAEL M. ANELLO
United States District Judge