UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELIPE GARCIA, CDCR# H-74821,<br><br>                              Plaintiff,<br><br>vs.<br><br>KATHLEEN ALLISON, Secretary of CDCR; MARCUS POLLARD, Warden; N, CASTRO; D. LEWIS; J. GOMEZ; J. GARCIA; A. DeLaVEGA,<br><br>                              Defendants. | Case No.:  21-cv-1991-MMA (MSB)<br><br>**ORDER DISMISSING CLAIMS AND DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Felipe Garcia ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), and proceeding *pro se*, filed this civil action pursuant to 42 U.S.C. § 1983 on November 29, 2021. *See* Doc. No. 1 ("Compl."). Plaintiff also filed a Motion to Proceed in Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. On February 3, 2022, the Court granted Plaintiff's IFP motion and dismissed the action with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Doc. No. 5. Plaintiff was given 45 days from the date of the Order within which to file an amended complaint. *Id.* On February 16, 2022, Plaintiff filed a First Amended Complaint pursuant to this Court's Order. Doc. No. 6 ("FAC").

# I. SCREENING PURSUANT TO 28 U.S.C. § 1915(E)(2)(B) & 1915A

## A. Standard of Review

As with this original Complaint, because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a preliminary screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and *sua sponte* dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or

"unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.  Plaintiff's Allegations

The factual allegations Plaintiff makes in his FAC are essentially identical to those he made in his original Complaint. Plaintiff alleges he filed a petition for writ of habeas corpus that challenged the method by which he was criminally sentenced in Kern County Superior Court and the rate at which he was accumulating worktime credits. *See* Compl. at 6; FAC at 12; Doc. No. 6-2 at 3. According to Plaintiff, the state court agreed with Plaintiff that the 15% worktime credit did not apply to him, but denied the petition without prejudice to permit Plaintiff to seek relief from the Kern County Superior Court. Compl. at 6; FAC at 12; Doc. No. 6-2 at 3–4.

Plaintiff followed the appellate court's advice and filed a petition for writ of habeas corpus in Kern County Superior Court. Doc. No. 6-2 at 2. On December 20, 2019, Kern County Superior Court "issued an order granting petition for writ of habeas corpus and order[ed] a resentencing." Compl. at 6; FAC at 12; ECF No. 6-2 at 4. According to the documents submitted by Plaintiff, the superior court noted that "Petitioner would be eligible for good conduct credits pursuant to P.C. § 2933, and not restricted by the terms of P.C. § 2933.1," but "it did not specify the exact rate of accumulation of credits Petitioner should receive, only that that the 15% limitation was not applicable." Doc. No. 6-2 at 4.

Plaintiff alleges he was resentenced on January 30, 2020.[1] Compl. at 6; FAC at 12. On February 24, 2020, Plaintiff informed prison officials of the resentencing and "changes to the credit vested by the Court" and "lifting the 15% restriction." Compl. at

---

[1] The Order from the Kern County Superior Court denying Plaintiff's September 3, 2021 habeas corpus petition lists the date of Plaintiff's resentencing as January 31, 2020. ECF No. 6-2 at 4.

6–7; FAC at 12–13.  However, "no response was received."  Compl. at 7; FAC at 13.  Plaintiff alleges he submitted six additional inmate requests, which he claims also went unanswered.  Compl. at 7; FAC at 13.

Plaintiff filed grievances in March of 2020 notifying prison officials that despite the resentencing, his earliest possible release date ("EPRD") of February 13, 2025 had not been changed.  Compl. at 7; FAC at 13.  On June 8, 2020, Plaintiff says he was interviewed by Defendant Nancy Castro.  *See* Compl. at 9; FAC at 13.  According to Plaintiff, Castro told him "Mr. Garcia, you seem to know the law; so go ahead and I'm sure you'll figure it out, I'll make sure you don't go home, and if you don't like it, well sue me, it seems like you know how, you've filed several lawsuits against our officers."  Compl. at 10; FAC at 16.  On January 12, 2021, Defendant Garcia informed Plaintiff that his EPRD had been changed to October 15, 2023.  *See id.*  However, Plaintiff was later notified by Defendant Gomez-Godinez that his new EPRD was changed to December 25, 2021.  *See* Compl. at 8; FAC at 14.  On October 28, 2021, Plaintiff was notified that his EPRD was actually June 5, 2024.  *See* Compl. at 8; FAC at 14.  Plaintiff asked Defendant Gomez-Godinez why was his EPRD had "abruptly changed" and requested a computation review hearing.  Compl. at 8; FAC at 14.  He also filed three 602 appeals.  Compl. at 8; FAC at 14.  According to Plaintiff, Defendant Pollard reviewed one of Plaintiff's appeals on June 24, 2020, and denied it incorrectly.  FAC at 13.

Plaintiff filed a writ in the Kern County Superior Court, which was denied on October 22, 2021.  FAC at 14.  He then filed an appeal in the Fifth Appellate District which is pending.  *Id.*  On January 13, 2022, the Kern County Superior Court issued an amended Abstract of Judgment which Plaintiff says is erroneous.  *Id.* at 15.

Plaintiff seeks a declaratory judgment stating that the defendants violated his federal constitutional rights, and Order directing Defendants Allison, Pollard, and Castro to conduct a computation hearing and award correct work time credits, as well as compensatory, and punitive damages against each named Defendant.  FAC at 17–18.

C. **42 U.S.C. § 1983**

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. **Discussion**

In Count One, Plaintiff contends that the Defendants retaliated against him in violation of the First Amendment. FAC at 4. In Count Two, he claims the Defendants his Eighth Amendment rights to be free of cruel and unusual punishment and that he is currently a victim of "excessive confinement." *Id.* at 5. And, in Count Three, Plaintiff argues his Fourteenth Amendment rights have been violated. *Id.* at 6.

*1. Retaliation (Count One)*

Plaintiff claims Defendants Castro and De La Vega retaliated against him for filing lawsuits against the CDCR by refusing to correct his EPRD to conform with Plaintiff's belief that he is entitled to a 50% work time credit. *See* FAC at 19. "Prisoners [do] have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison*, 668 F.3d at 1114 (citing *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009)). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

  Plaintiff claims he was resentenced on January 31, 2020 and that an agreement was reached regarding how to structure the resentencing. FAC at 15. On either June 8, 2020 or June 24, 2020, *see id.* at 15, 19, Plaintiff claims he was interviewed by Defendant Castro who purportedly refused to correct his EPRD date and told him "if you don't like it sue me, you seem to know how, you have sued our officers in the past." FAC at 19. He also claims he notified Defendant De La Vega of the resentencing and its effect on his EPRD on May 20, 2021, and De La Vega told him she "didn't have time for this" and that she did not know and did not care about the issue. *Id.* at 20.

  Plaintiff's allegations are insufficient to plausibly allege that either Castro or De La Vega took adverse action against Plaintiff because of his protected conduct or that any such action "did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567–68. On November 10, 2021, Plaintiff filed a Petition for Writ of Habeas Corpus in the Fifth District Court of Appeal. *See* FAC at 14–15. On February 8, 2022, the court of appeal directed the Attorney General to file an informal response. Doc. No. 6-4 at 2. The Attorney General filed his response on March 30, 2022.[2] Plaintiff filed his reply on April 11, 2022. *Id.* Given that the validity of Plaintiff's sentence and the rate at which he should be earning work time credits continues to be the subject of litigation, Plaintiff has not plausibly alleged Castro or De La Vega refused to change Plaintiff's EPRD because of his "protected conduct" or that their actions "did not reasonably advance a legitimate correctional goal" as opposed to either a good faith mistake or an incorrect interpretation of the resentencing documentation. *Rhodes*, 408 F.3d at 567–68; *see Watison*, 668 F.3d at 1114–15 (stating that a plaintiff must allege that "in addition to a retaliatory motive, . . . the defendant's actions were arbitrary and capricious, or that they were 'unnecessary to the maintenance of order in the institution'")

---

[2] *See* https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=5&doc_id=2367063&doc_no=F083517&request_token=NiIwLSEmPkw7WyBZSCNdUEhJQFQ7UExbKyIuUztSQCAgCg%3D%3D.

(quoting *Franklin v. Murphy*, 745 F.2d 1221, 1230 (9th Cir. 1984)). He has therefore failed to state a claim upon which § 1983 relief can be granted. *See Watison*, 668 F.3d at 1112; *Iqbal*, 556 U.S. at 678; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

  2. *Excessive Confinement/Eighth Amendment (Count Two)*

  In Count Two, Plaintiff argues his Eighth Amendment rights were violated by the Defendants' refusal to change his EPRD date, thereby subjecting him to excessive punishment. FAC at 5, 21. To the extent Plaintiff seeks an earlier release from custody, his suit may not proceed as a civil rights action. There are two methods for state prisoners to raise complaints related to their imprisonment in federal court. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Federal law opens two main avenues to relief on complaints related to imprisonment . . . .") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). In general, claims of constitutional violations related to the "circumstances" of a prisoner's confinement must be brought in a civil rights action under § 1983, *see id.*, while constitutional challenges to the validity or duration of a prisoner's confinement which seek either "immediate release from prison" or the "shortening of [a state prison] term" must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254, or through appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78–79 (2005) (citations and internal quotation marks omitted); *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action.") (citing *Dotson*, 544 U.S. at 81–82). Here, Plaintiff's claims of excessive confinement must be brought via habeas corpus.

  The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. In order to state a plausible Eighth Amendment claim for relief, a Plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . .

only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)), overruled on other grounds by *Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id*. (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff has not stated an Eighth Amendment claim against any Defendant because he has not plausibly alleged they were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and actually drew such an inference. *Toguchi*, 391 F.3d at 1057; *Iqbal*, 556 U.S. at 678. Indeed, Plaintiff has not alleged any risk to his health or safety, only that he disagrees with Defendants' calculation of his work time credits. *See generally* FAC. He has therefore failed to state a claim upon which § 1983 relief can be granted. *See Watison*, 668 F.3d at 1112; *Iqbal*, 556 U.S. at 678; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

   3. *Due Process (Count Three)*

Plaintiff contends that by "continu[ing] to classify Plaintiff as a violent offender, even [though] ample documentary evidence and court orders identify Plaintiff [as] currently serving a sentence for 2 non-violent, in-prison sentences, and incorrectly applying the 2933.1 violent offender credit restriction," Defendants have violated his federal due process rights. FAC at 15. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v.*

*Conner*, 515 U.S. 472, 484 (1995).  To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (and) (3) lack of process.'"  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

"California has not created a protected liberty interest in earning credits for work." *Vu v. Rackley*, No. 2:16-cv-0217 TLN GGH P, 2016 WL 3181228, at *3 (E.D. Cal. June 8, 2016) (first citing Cal. Penal Code § 2933(c) ("Credit is a privilege, not a right"); and then citing *Kalka v. Vasquez*, 867 F.2d 546, 547 (9th Cir. 1989) ("section 2933 does not create a constitutionally protected liberty interest")); *Touissant v. McCarthy*, 801 F.2d 1080, 1095 (9th Cir. 1986) (under § 2933 "prisoners have no right to earn the one-for-one worktime credits").  Further, Prisoners have "no constitutional right to a particular classification or to earn credits."  *Hernandez v. Adams*, No. 1:08-cv-00254 LJO MJS HC, 2010 WL 5071131, at *4 (E.D. Cal. Dec. 7, 2010).  Because Plaintiff has not plausibly alleged he was deprived of "a liberty or property interest protected by the Constitution," *Wright*, 219 F.3d at 913, he has not stated a claim for which § 1983 relief can be granted. *Iqbal*, 556 U.S. at 676; *see also* 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

    4.  *Defendants Kathleen Allison and Marcus Pollard*

The also Court finds Plaintiff's FAC fails to state any plausible claim for relief against CDCR Secretary Allison.  Because "vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993) (noting there is no respondeat superior liability under 42 U.S.C. § 1983).  Supervisory officials like Allison may only be held liable under § 1983 if the plaintiff alleges their "personal involvement in the constitutional deprivation, or . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

In other words, "a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.'" *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (citations omitted).

Plaintiff's Complaint "pleads no factual content that allows the court to draw the reasonable inference that [Allison] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The only factual allegation Plaintiff makes with respect to Secretary Allison is that she "approved the good conduct credit changes which replaced the 33% credit rate [with the] 50% [rate]." FAC at 13. He does not describe what Allison did, or failed to do, with respect to any of his claims. *Id.* at 679 ("Determining whether a complaint states a plausible claim for relief [is] … a context-specific task."). As currently pleaded, nothing in Plaintiff's FAC plausibly suggests or Allison "through [her] own individual actions, . . . violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Therefore, Plaintiff's claims against Secretary Allison must be dismissed *sua sponte* for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Watison* 668 F.3d at 1112; *Iqbal*, 556 U.S. at 676.

In addition, Plaintiff has also not stated a plausible claim for relief pursuant to §1983 against Defendant Pollard. The only factual allegation Plaintiff makes with respect to Pollard is that he "reviewed 602 appeal, log no. RJD-C-20-02171 and incorrectly denied appeal classifying Plaintiff as a violent offender." FAC at 13. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citation omitted); *Fairley v. Shelton*, 664 F. App'x. 616, 617 (9th Cir. 2016) ("The district court properly granted summary judgment for defendant Gower on Fairley's claim arising out of the allegedly improper denial of his grievances because prisoners do not have a

1  'constitutional entitlement to a specific grievance procedure.'") (quoting *Ramirez*, 334
2  F.3d at 860); *Shallowhorn v. Molina*, 572 F. App'x. 545, 547 (9th Cir. 2014) (district
3  court properly dismissed § 1983 claims against defendants who "were only involved in
4  the appeals process") (citing *Ramirez*, 334 F.3d at 860). Therefore, Plaintiff's claims
5  against Pollard must be dismissed *sua sponte* for failing to state a claim upon which
6  § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).
7  *See Watison* 668 F.3d at 1112; *Iqbal*, 556 U.S. at 676.

   On February 3, 2021, the Court explained to Plaintiff what pleading deficiencies were present in his original Complaint. *See* ECF No. 3. Despite having had this opportunity, Plaintiff has still failed to adequately plead any constitutional claim for relief against Defendants Allison and Pollard. Therefore, the Court finds further amendment as to those Defendants would be futile. *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, [t]he district court's discretion to deny leave to amend is particularly broad." (internal quotation marks omitted) (second alteration in original)).

## II. CONCLUSION

Based on the foregoing, the Court **DISMISSES** Defendants Allison and Pollard from this action and **DIRECTS** the Clerk of Court is directed to terminate these Defendants from the Court's docket. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures the deficiencies of pleading noted <u>as to Defendants J. Gomez-Godinez, A. De La Vega, Nancy Castro, J. Garcia and D. Lewis only</u>. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D.

CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Plaintiff's Amended Complaint, should he elect to file one, must be captioned as his "Second Amended Complaint," contain S.D. Cal. Civil Case No. 21-cv-01991-MMA-MSB in its caption, and comply both with FED. R. CIV. P. 8 and with S.D. CAL. CIVLR 8.2.a. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Second Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

**IT IS SO ORDERED**.

Dated: April 19, 2022

HON. MICHAEL M. ANELLO
United States District Judge